UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY E. MACLIN, | ) |
|        Petitioner | ) ) ) |
| vs. | )   CAUSE NO. 3:10-CV-340 RM )   (Arising out of 3:07-CR-77(01)RM) |
| UNITED STATES OF AMERICA, | ) ) |
|        Respondent | ) |

OPINION and ORDER

On August 23, 2010, the court denied Terry Maclin's petition filed pursuant to 28 U.S.C. § 2255 as untimely, and also concluded that Mr. Maclin hadn't established that he had been pursuing his rights diligently and that an extraordinary circumstance had prevented him from timely filing his petition as required by Pace v. DiGuglielmo, 544 U.S. 408, 411 (2005). Mr. Maclin now asks that the court reconsider the dismissal of his petition.

Mr. Maclin claims that actions of the government prevented from filing a timely motion. According to Mr. Maclin, he submitted a Freedom of Information Act request to the government on November 4, 2009, and he didn't receive the government's response in time to prepare and file a timely § 2255 petition. To have been timely, Mr. Maclin's § 2255 petition would have had to have been filed by June 7, 2010 – the exhibits submitted by Mr. Maclin reveal a date of June 18, 2010 on the Justice Department's response to his FOIA request. Even if the court were to find that Mr. Maclin had presented an extraordinary circumstance that

prevented him from filing a timely § 2255 petition, he couldn't succeed on his claim for relief.

Mr. Maclin first claims his counsel was ineffective by failing to investigate evidence. To succeed on an ineffective assistance of counsel claim, Mr. Maclin must show, first, that his attorney's performance was deficient — "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" — and second, that counsel's deficient performance prejudiced his defense — "that counsel's errors were so serious as to deprive [the defendant] of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984); *see also* Kimmelman v. Morrison, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."). A strong presumption exists that counsel performed effectively. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

Mr. Maclin hasn't addressed either Strickland prong: he hasn't argued or established that his counsel's performance was deficient or that counsel's performance prejudiced his defense, so he isn't entitled to the relief he seeks based on his claim of ineffective assistance of counsel.

Mr. Maclin's second claim is that his Fifth Amendment Due Process rights were violated when the government withheld evidence. A petitioner can't bring a constitutional claim in a § 2255 petition that he could have raised on direct appeal

2

without showing good cause for and actual prejudice resulting from his failure to raise the claims on direct appeal. Reed v. Farley, 512 U.S. 339, 354 (1994); United States v. Frady, 456 U.S. 152, 167-168 (1982). If a petitioner can't demonstrate both good cause and prejudice, he may obtain collateral review only if he can persuade the court that the dismissal of his petition would result in a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. 478, 495-496 (1986).

While Mr. Maclin asserts his due process claim wasn't raised on appeal because "counsel never had the evidence in his possession," he hasn't presented any evidence supporting his claim that police reports and/or fingerprint documents weren't supplied to his counsel. *See* Gallo-Vasquez v. United States, 402 F.3d 793, 800 (7th Cir. 2005) ("The motion does not attach an affidavit from defense counsel or the prosecutor supporting this allegation."). That Mr. Maclin didn't see or doesn't remember seeing the documents he now submits wouldn't establish that the documents weren't provided to his counsel by the government.

Too, the evidence upon which Mr. Maclin relies, which he says supports a finding that officers didn't have probable cause to stop him on the night in question, actually supports a contrary conclusion. The Event Report shows that police were dispatched to investigate a vehicle break-in and the Incident/Investigation Report states that officers observed Mr. Maclin walking away from the area of the initial theft. Mr. Maclin's argument in this regard is, in reality, another variation of his argument rejected at his suppression hearing and

on direct appeal. Mr. Maclin isn't entitled to have his sentence vacated or set aside based on this argument.

Mr. Maclin lastly claims the government presented false testimony at trial, specifically that Agent Brian Schroth testified falsely that no fingerprinting was done on the firearm. Mr. Maclin relies on a "Latent Fingerprint Comparison Request," which he says "implies there are latent lifts recovered in this case." The court can't agree. Nothing on the fingerprint card or on the Results of Examination document references fingerprints taken from a firearm. That arresting officers took fingerprints from Mr. Maclin upon his arrest and submitted them to the South Bend Police Department's Crime Lab for confirmation of his identity doesn't establish or imply that fingerprints were taken from the firearm in question or that Agent Schroth's testimony was false. Even if, as Mr. Maclin claims, (i) fingerprints were taken from the firearm in question, (ii) officials confirmed, as evidenced by the South Bend Police Department's Results of Examination document, that those fingerprints were Mr. Maclin's, and (iii) the results of the fingerprint comparisons weren't disclosed to Mr. Maclin's counsel, Mr. Maclin hasn't explained how that evidence could qualify as evidence favorable or material to the defense under Brady v. Maryland, 373 U.S. 83 (1967); *see also* United States v. Bland, 517 F.3d 930, 934 (7th Cir. 2008) ("Evidence is material if there exists a 'reasonable probability' that its disclosure to the defense would have changed the result of the trial."). Mr. Maclin hasn't identified evidence sufficient to establish that his Fifth Amendment Due Process rights were violated.

Mr. Maclin's petition contains conclusory statements about alleged wrongdoing by the government, as well as challenges to the sufficiency of the evidence against him. As the court of appeals concluded in consideration of Mr. Maclin's appeal, his

> contention about the sufficiency of the evidence is frivolous. . . . [Officer] Miller saw Maclin drop something, immediately went to investigate, and found only the gun where Maclin had just been standing. The ground, but not the gun, was covered by snow, and only Maclin's footprints led to it. A rational jury could infer from those circumstances that Maclin was holding the gun and dropped it in the hope of avoiding detection.

United States v. Maclin, No. 08-2456, 2009 WL 605944, at * 4 (7th Cir. Mar. 9, 2009). Mr. Maclin hasn't established any error "so egregious that the trial was rendered unfair and the verdict rendered suspect." Hoffman v. United States, No. 3:09-CV-106, 2009 WL 1285906, at *3 (N.D. Ind. May 4, 2009).

Based on the foregoing, Mr. Maclin's motion for reconsideration [docket # 67] of the dismissal of his § 2255 petition is DENIED.

SO ORDERED.


ENTERED:  September 13, 2010


      /s/ Robert L. Miller, Jr.
      Judge, United States District Court